Priority  
Send ✓  
Enter  
Closed  
JS-5/JS-6  
JS-2/JS-3  
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JAN - 6 2003

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEVEN W. SUTCLIFFE, | No. CV 03-2844-MMM(AJW) |
| Petitioner, | |
| v. | SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, et al., | |
| Respondents. | |

## Background

On October 21, 2003, the Clerk served on the parties the Notice of Filing of Magistrate Judge's Report and Recommendation and Lodging of Proposed Judgment. The report and recommendation recommended that the petition be dismissed because petitioner was no longer subject to the order of detention which he challenges, and as a result the petition is moot. On October 31, 2003, petitioner filed objections to the report and recommendation.

Petitioner argues that he suffers collateral consequences from the court's order of detention pursuant to 18 U.S.C. § 4241(d). In particular, petitioner alleges that the order finding

DOCKETED ON CM

JAN - 6 2004

to stand trial affects him in the following ways: (1) it is harmful to petitioner's "work potential;" (2) it prevents petitioner from mounting a successful motion based upon a speedy trial violation; and (3) it hinders his ability to show that his attorneys have rendered ineffective assistance of counsel. For the following reasons, petitioner's objections do not warrant a change in the recommendation that his petition be dismissed.

First, petitioner's allegation that his detention for the purpose of determining whether his competency could be restored "may affect [his] ability to seek and obtain work" in the computer field is speculative. In Spencer v. Kemna, 523 U.S. 1 (1998), while declining to extend the presumption of collateral consequences from the context of criminal convictions to the context of parole revocations, the Supreme Court explained that unlike a criminal conviction, "[n]o civil disabilities ... result from a finding that an individual has violated his parole." Spencer, 523 U.S. at 12 (quoting Lane v. Williams, 455 U.S. 624, 632 (1982)). As the Supreme Court explained in Lane, "[a]t most, certain non-statutory consequences may occur; employment prospects, or the sentence imposed in a future criminal proceeding could be affected," but these "discretionary decisions" made by an employer or a sentencing judge "are not governed by the mere presence or absence of a recorded violation of parole." Lane, 455 U.S. at 632-633. Petitioner has not shown that a different rule should apply in the context of this case.

Second, petitioner's remaining "collateral consequences" are actually challenges to interim orders by the trial court in his pending federal criminal case. That is, petitioner complains that the initial section 4241(d) rulings have a continuing effect on his

criminal case because they adversely affect his ability to present motions based upon alleged speedy trial violation or alleged ineffective assistance of counsel. Those issues, however, should be litigated in petitioner's criminal case, by means of a motion, a motion for reconsideration, an interlocutory appeal,[1] a direct appeal, or a motion pursuant to 28 U.S.C. § 2255.

Accordingly, it is recommended that judgment be entered dismissing the petition.

DATED: 12.10.2003

ANDREW J. WISTRICH
United States Magistrate Judge

---

[1] See United States v. Sherman, 912 F.2d 907 (7th Cir. 1990)(reviewing merits of a § 4241(d) commitment order without discussing jurisdiction); United States v. Donofrio, 896 F.2d 1301, 1303 (11th Cir. 1990)(concluding that there was jurisdiction to review a § 4241(d) commitment order); United States v. White, 887 F.2d 705 (6th Cir. 1989)(reviewing merits of § 4241(d) commitment order without discussing jurisdiction); United States v. Gold, 790 F.2d 235, 238-239 (2d Cir. 1986) (holding that a commitment order under § 4241(d) is sufficiently final to warrant immediate appellate review); see also Higgins v. United States, 205 F.2d 650, 652 (9th Cir.)("We have been somewhat puzzled as to whether the order appealed from is in fact a final order subject to appeal. Title 28 U.S.C.A. § 1291. On the authority of Cohen v. Beneficial Loan Corp., [337 U.S. 541 (1949)], we have resolved the doubt in favor of reviewing the order. Inasmuch as the defendant's mental disturbance may be of long duration, perhaps for life, and his trial may therefore be delayed over a very long time, and perhaps forever, the order adjudging him incompetent for trial has a phase of finality in it."), cert. denied, 346 U.S. 870 (1953).

Proposed

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEVEN WILLIAM SUTCLIFFE, ) | |
| ) | |
| Petitioner, ) | No. CV 03-2844-MMM(AJW) |
| ) | |
| v. ) | JUDGMENT |
| ) | |
| UNITED STATES OF AMERICA, et ) | |
| al., ) | |
| ) | |
| Respondents. ) | |

**JUDGMENT IS HEREBY ENTERED** dismissing the petition as moot.

DATED: _____

_____
MARGARET M. MORROW
United States District Judge